164 So. 331

ÆTNA LIFE INS. CO. v. De JEAN et al.

No. 33523.

Nov. 4, 1935.

Lewis & Lewis, of Opelousas, and St. Clair· Adams & Son, of New Orleans, for appellant.

L. L. Perrault, of Opelousas, and Taylor, Porter & Brooks, of Baton Rouge, for appellees.

ROGERS, Justice.

This matter is before us on a motion to dismiss an appeal from a judgment sustaining an exception of no cause of action. The suit itself grows out of a collision between two automobiles operated by their respective owners, James A. De Jean, one of the defendants, and Dr. George B. Beridon. At the time of the collision, Lawrence B. Sandoz was a passenger in De Jean's automobile. De Jean and Sandoz, his guest, brought separate suits against Dr. Beridon for the recovery of damages. The suits were consolidated for trial in the district court, resulting in the rendition of separate judgments in each case. The judgment in favor of De Jean was for $2,100.40 and the judgment in favor of Sandoz was for $4,700. On appeal to the Court of Appeal for the First Circuit, the amount of the judgment in favor of Sandoz was reduced to $3,200, and the judgment in favor of De Jean was reversed and his suit dismissed. See Sandoz v. Beridon (De Jean v. Beridon), 150 So. 25.

After the judgments had become final, this suit was instituted by the Ætna Life Insurance Company, the insurance carrier of Dr. George B. Beridon; against James A. De Jean and his insurance carrier, Great American Indemnity Company, to recover $2,031.74, representing one-half of the amount of the judgment against Dr. Beridon plus one-half of the amount of the costs and expenses incurred in the defense of the suit, which plaintiff alleged it had paid. Plaintiff specifically alleged that by virtue of said payment on behalf of Dr. George B. Beridon it was subrogated by operation of law "to all the rights which said Dr. George B. Beridon has against said James A. De Jean, the joint tort-feasor, for contribution as a

solidary obligor of the said Lawrence B. Sandoz," and that the Great American Indemnity Company, as his insurance carrier, is liable in solido with De Jean to plaintiff.

Appellees have moved to dismiss the appeal on the ground that the suit is one for damages for physical injuries, and, hence, this court is without jurisdiction ratione materiæ.

In support of their motion, appellees rely on paragraph 3 of section 10 and section 29 of article 7 of the Constitution of 1921.

The pertinent part of the third paragraph of section 10 of article 7 of the State Constitution reads as follows, viz.:

"It [the Supreme Court] shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances."

And by the general terms of the twenty-ninth section of the same article of the Constitution, jurisdiction of appeals in suits for damages for physical injuries to a person, or for other damages sustained by such person arising out of the same circumstances, is vested in the Courts of Appeal.

But appellant contends that its suit does not fall within the terms of the constitu-

tional provisions relied on by appellees, because it is not a suit to recover damages for physical injuries, but is a suit predicated on the right of a tort-feasor to force contribution from a cotort-feasor. The contention is based on plaintiff's allegation that the Court of Appeal held its principal, Dr. Beridon, and De Jean, the defendant, to be joint tort-feasors, because it found that De Jean was guilty of contributory negligence and for that reason dismissed his suit against Dr. Beridon.

It is clear from the allegations of plaintiff's petition that while the Court of Appeal, because of his contributory negligence, rejected De Jean's claim against Dr. Beridon, the .court did not, and, in fact, could not, render any moneyed judgment in favor of Dr. Beridon against De Jean. There was no suit and no reconventional demand by Dr. Beridon against De Jean before the court. The judgment in favor of Sandoz, which plaintiff paid, was rendered in a suit to which Sandoz and Dr. Beridon alone were parties.

Plaintiff's rights against De Jean, if any, arise solely from the payment that plaintiff as the insurance carrier of Dr. Beridon made to Sandoz. In fact, the petition so alleges. Therefore, it is clear that if Sandoz has no claim against De Jean neither has Dr. Beridon nor has plaintiff, as Dr. Beridon's subrogee.

The fact the Court of Appeal found that De Jean, because of his contributory negligence, could not recover from Dr. Beridon is not of itself sufficient to condemn De Jean in damages for the injuries suf-

fered by Sandoz. That decision does not establish the joint liability of Dr. Beridon and De Jean for such injuries and damages. In order for Dr. Beridon or for plaintiff, as his alleged subrogee, to recover from De Jean, it must be shown independently that Dr. Beridon and De Jean were jointly guilty towards Sandoz of the tort that injured and damaged him. That can only be done by a trial on the merits, if the case should ever reach a trial on the merits. In other words, plaintiff's action is one ex delicto, wholly dependent for its successful issue upon plaintiff's ability to establish on the trial, if a trial be reached, that De Jean was equally at fault with Dr. Beridon in causing the injuries and damages suffered by Sandoz.

We have recently held that an action against an alleged tort-feasor and his insurance carrier by the employer's insurance carrier, as the subrogee and assignee of the rights of the beneficiaries, for an employee's death allegedly caused by employer's negligence is an action ex delicto, and the appellate jurisdiction of the cause was vested in the Court of Appeal and not in this court. Metropolitan Casualty Ins. Co. v. Bowdon, 181 La. 295, 159 So. 394. And in the more recent case of Reeves v. Globe Indemnity Co., 182 La. 905, 162 So. 724, approving the principle and rule of law involved in the case of Metropolitan Casualty Ins. Co. v. Bowdon, we held that the Court of Appeal, not the Supreme Court, was vested with jurisdiction of the appeal in a suit for injuries by a guest in an automobile against the owner's insurance car-

rier, where the contention was made that the suit was for indemnity on a contract of insurance and not one founded on a tort.

We think the principle involved and the rule of law announced in the cited cases are applicable to the present case. The fact that plaintiff chooses to term his suit as one to enforce a contribution between joint tort-feasors does not change its character as an action ex delicto. In its ultimate analysis, this is a suit for physical injuries, and, therefore, this court is without jurisdiction ratione materiæ.

Appellant contends that its suit is similar to and is controlled by the case of Quatray v. Wicker, 178 La. 289, 290, 151 So. 208. A similar claim was made and rejected by the court in the case of Metropolitan Casualty Ins. Co. v. Bowdon, supra. The insurmountable difference between this case and the Quatray Case lies in the fact that in the latter case the question of liability for damages for personal injuries had been foreclosed by the judgment of the Court of Appeal and was not an issue in the case. There the cause of action was asserted solely and only on a conventional assignment. The suit, therefore, was an action purely ex contractu. Here, however, the liability of the defendant De Jean, growing out of the accident in which Sandoz was injured, has never been determined. That issue must be determined and can only be determined in the trial of the case on its merits, if such a trial should ever be reached.

As the Court of Appeal for the First Circuit is vested with appellate jurisdic-

tion of this case, the appeal will be transferred to that court, as authorized by law.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the First Circuit to be disposed of according to law, provided the appellant shall file the record in that court within sixty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. The appellant is to pay the costs of appeal to this court; all other costs to await the final disposition of the case.