**ÆTNA LIFE INS. CO. v. DEJEAN et al.**

No. 1599.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

St. Clair Adams & Son, of New Orleans, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, and L. L. Perrault, of Opelousas, for appellee.

OTT, Judge.

In substance, the petition in this case sets out the following state of facts:

On August 28, 1932, Dr. George B. Beridon, while driving his automobile into Opelousas from a southerly direction on the Opelousas-Lafayette paved highway, and in attempting to turn to his left in order to take a left hand road, was struck by a car owned and operated by the defendant James A. Dejean, and as a result of the collision, Lawrence B. Sandoz, a guest in Dejean's car, was injured and filed a suit against Beridon for damages. The suit of Sandoz against Beridon resulted in a final judgment in favor of Sandoz for $3,200, interest, and costs. Dejean also sued Beridon for damages on account of personal injuries and property damage which he

claimed to have suffered in the said collision. Dejean secured a judgment in his favor in the district court, but this judgment was reversed on appeal to this court on the ground that Dejean was guilty of contributory negligence. Sandoz v. Beridon (Dejean v. Beridon) (La.App.) 150 So. 25.

The plaintiff insurance company, as the insurer of Dr. Beridon's car against damages caused others, paid the judgment in favor of Sandoz against Beridon which, together with interest and cost, amounted to the sum of $4,063.48. The present suit is by the insurer of Beridon to recover one-half the above amount from Dejean and his insurer against public liability, Great American Indemnity Company, on the ground and under the allegation that the negligence of Dejean contributed to the injury of Sandoz, and therefore said Dejean was a joint tort-feasor with Beridon, and as such liable with him in solido for the injury to Sandoz. Having been subrogated to the rights of Beridon, the plaintiff is asking that Dejean be forced to contribute one-half said damage as a joint tort-feasor. Plaintiff alleges in its petition wherein Dejean was guilty of negligence in causing said accident.

Defendant Dejean, and his said insurer, filed an exception of no right or cause of action which was sustained by the trial court. The plaintiff took an appeal to the Supreme Court, but on a motion to dismiss the appeal filed by defendants, the Supreme Court transferred the case to this court, as it found that the principal matter at issue in the final analysis was whether or not Dejean was liable for the physical injuries to Sandoz on account of negligence. Ætna Life Ins. Co. v. De Jean et al., 183 La. 529, 164 So. 331.

The defendants filed a plea of one-year prescription in this court on the day the case was argued and submitted, which plea is based on the theory that the action is one ex delicto, therefore subject to the one-year prescription.

### Exception of No Cause or Right of Action.

It is contended, as one ground of the exception of no cause of action, that plaintiff as the insurer of Beridon, by paying the judgment against him in favor of Sandoz, did not thereby become legally subrogated to the rights of Beridon to sue Dejean, an alleged joint tort-feasor, for the reason that the plaintiff as such insurer was not liable jointly or solidarily with Dejean for the claim of Sandoz; that its liability was only contractual with Beridon to pay whatever judgment might be rendered against him on account of the negligent operation of the insured car.

According to article 2161 of the Civil Code, legal subrogation takes place for the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it. Was plaintiff, as the insurer of Beridon, bound with or for Dejean for the payment of damages to Sandoz, and did plaintiff have an interest in discharging that obligation? According to the petition, plaintiff company had issued its policy to Beridon to protect him on account of damages caused others in the operation of this particular car, and under the provisions of Act No. 55 of 1930, plaintiff company was liable in solido with Beridon (and with Dejean, if Dejean was liable) to Sandoz for the injuries received by him. Sandoz could have joined plaintiff company in his suit against Beridon and obtained a judgment against the company in solido with him. Therefore, the plaintiff was bound with Dejean to Sandoz to the same extent as Beridon and had the same interest as did Beridon in discharging the obligation to Sandoz. We therefore conclude that plaintiff has the same rights in this action against Dejean for contribution as Beridon would have if he were plaintiff in this suit, and we shall so consider the situation in passing on the exception of no cause of action.

Accepting as true, as we must for the purpose of the exception, that Dejean was guilty of the negligence set out in the petition and that his negligence contributed to the injury of Sandoz, it remains a fact that Sandoz did not join him in the suit against Beridon and the liability vel non of Dejean for the injury to Sandoz has never been determined. If Dejean had been or should be held guilty of the negligence charged to him in this petition, he would have to be condemned as a joint tort-feasor with Beridon, not in a suit by the injured party in whose favor the right to sue either is given by article 2095 of the Civil Code, but in a suit where the subrogee of Beridon, possessing only the rights of Beridon, is seeking to have that liability established by having the court first condemn Dejean as a joint tort-fea-

sor with Beridon as a basis to compel Dejean to pay one-half the damages for which the court has already held Beridon liable. It is, in effect, a situation where a wrongdoer, already condemned for his wrong, is now asking the court to condemn another for participating in the same tort in order to make him a codebtor in solido to Sandoz thereby forcing a contribution from the other tort-feasor for his share of the debt.

Article 2324 of the Civil Code makes the person who causes another to do an unlawful act, or who assists in the commission of the act, liable in solido with the other for damages resulting therefrom. Construing the solidary liability of joint tort-feasors as fixed in this article with Article 2095 of the Code, which, in effect, gives the right to the person in whose favor the solidary liability is created to sue either or both, leads to the conclusion that the law has invested the person in whose favor the solidary liability arising from the act has accrued to determine whether one or all those responsible for the act shall be brought into the suit. Will the courts open their doors to one who has already been condemned for his negligent act and permit such person to exercise a right given to the injured party in bringing into court and litigating with another party the question of whether or not this other party was not also guilty of a negligent act toward the injured person, who never saw fit to bring the other party into court?

In order for plaintiff to hope for success in forcing defendant to contribute his share in the joint tort, defendant must first be condemned as a joint tort-feasor in a suit initiated by the subrogee of the other joint tort-feasor. Yet the very obligation out of which it is hoped to make defendant obligor in solido with plaintiff's subrogor has already been paid and discharged to Sandoz. Obviously, Sandoz could no longer have any interest or right in having that solidary obligation placed on defendant in this case. If Sandoz had also sued Dejean and had secured a judgment against him in solido with Beridon, then the solidary liability of both would have been fixed by judgment of court, and under article 2103 of the Civil Code, as construed by the Supreme Court in the recent case of Quatray v. Wicker et al., 178 La. 289, 151 So. 208, Beridon's subrogee would have been entitled to enforce a contribu-

tion by Dejean of his share. In our opinion, and from the issue presented in the above-cited case, that is the only question decided in that case. We are not prepared to lay down as a proposition of law from that case, as we understand it, that a joint tort-feasor, already condemned for his own tort, can come into court and, as a basis to force contribution from other wrongdoers, initiate and have litigated the liability of such other wrongdoers to the injured party where the injured party has not sought to hold such parties.

For us to so hold would, in our opinion, not only be a departure from the long-established jurisprudence of this state as well as that of the common-law states, but it would open the doors to those condemned for their torts to search through the courts for others not joined in the suit against them on whom to place some of the responsibility in order to make them joint tort-feasors and liable for their share of the damage. At the very inception of the government of this state, as early as 1814, the Supreme Court put its stamp of disapproval on such cases. In Meunier v. Duperron, 3 Mart.(O.S.) 285, a man had been compelled to pay damages for having unlawfully arrested and shipped off a free negro woman, and after he had paid the amount and served the penalty, he filed suit against another for reimbursement or contribution of the amount paid out, on the ground that this other person had instigated and misled him in doing the act. The court refused to lend its aid in granting relief to one who had himself been decreed a wrongdoer.

The same principle was announced in the leading case of Sincer v. Bell's Heirs, 47 La.Ann. 1548, 18 So. 755, where the plaintiff, who had been condemned in damages for negligence, sought to force defendant, Bell, who had compromised with the injured persons, to contribute part of the amount of damages plaintiff was forced to pay. The court denied plaintiff the right to maintain his suit against Bell. The syllabus in that case expresses the reason for the ruling in the following language:

"The liability arising from negligence constituting the offense or quasi offense is to the injured party, but creates no liability, one to the other, of those to whom the negligence is imputed. Hence, if one of the wrongdoers pays the resulting damage, he thereby acquires no right of action

against the other; least of all, if he has settled with the injured party, and been discharged from all liability. Civ. Code, arts. 2315, 2316."

It is true that there are exceptions to this rule recognized by the courts of this state as well as the courts of most of the other states. Corpus Juris, vol. 13, pp. 828 to 832, inclusive.

One of the exceptions to the rule that a joint tort-feasor who has paid the damage cannot sue the other tort-feasors for contribution is the case where one of the persons is only technically or constructively liable, or, as it is sometimes rather inappropriately expressed, only vicariously liable. The exception to the rule was recognized by the Supreme Court of this state in the well-reasoned case of Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 541. In that case the plaintiff had been condemned in damages to an injured person because of a defect in the door of a building to which plaintiff had just secured legal title, and which building, at the time of the accident, was still in possession of the vendor, and it was solely through the negligence of the defendant's employees that the injury occurred. Plaintiff, while guilty of no negligence itself, had been held liable to the injured person merely because it was the legal and recorded owner of the building. The suit of plaintiff in that case to recover for the amount it had paid on account of the negligence of the defendant was met with an exception of no cause of action based on the same grounds as are urged in the present suit. In deciding that the negligence of plaintiff was only technical or constructive and in permitting it to sue to recover the amount from the one whose primary negligence actually caused the injury, the court said:

"It is undoubtedly the general rule of law and jurisprudence that where two or more parties, acting in concert, or are legally held to have acted in concert, commit a wrongful act from which damages result to a third party, the party who is compelled to respond and to pay for the injury can have no action for indemnity against the other party or parties to the wrongful act. The rule has its foundation in public policy, that no one can allege his own turpitude or claim an advantage for his own wrong. The courts in such a case will leave the parties in the position in which they have placed themselves, and will not undertake to adjust equities between them, nor to inquire into the comparative or relative culpability as between them. Every rule, however, has its exception, and where, as in this case, the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, the general rule will not apply, and indemnity may be had against the one primarily responsible for the act which caused the damage."

It will be seen from the above case that the Supreme Court of this state carefully refrained from changing the general rule on this question of contribution by joint tort-feasors, but, in order to make the exception clear and unmistakable as an exception, gave the facts with meticulous care and cited the authorities justifying the exception. The obvious inference from that case, as well as from the other cases cited therein, is that if the allegations of plaintiff's petition had shown that the plaintiff was equally guilty of negligence as defendant in causing the injury to the third person, the plaintiff would not have been permitted to recover.

While the petition in the present case alleges that Beridon was free from negligence and that the collision in which Sandoz was injured was the direct result of the negligence of Dejean, yet these allegations can be nothing more than conclusions, as it appears in other parts of the petition that Beridon had already been condemned guilty of negligence in causing the injury by a final judgment of court. That judgment is made a part of the petition in this case. From that judgment and the reasons on which it is based, it cannot under any theory be said that Beridon's negligence was merely technical or constructive. The best that could be said of Beridon's negligence is that it was equal to the negligence now charged against Dejean. This being the state of the pleadings, in order for Beridon's subrogee to recover from Dejean as a codebtor in solido, we would be compelled to lay down as a rule of law in this state that a tort-feasor condemned to pay damages caused a third party by the concurrent and equal negligence of two or more such tort-feasors could allege and prove this joint and equal negligence in a suit against the others and force them to contribute their share. We do not find that the decisions of the

courts of the state have as yet been such as to justify us in laying down such a rule. On the contrary, the decisions prevent us from making such a rule. The principle of stare decisis must continue to be our guide in such cases. This carries with it the implication that if the rule is to be changed, it must come from the highest court in the state.

The exception of no cause of action was properly sustained. Having reached this conclusion on the exception, it is unnecessary to discuss the plea of prescription filed in the case.

For the reasons assigned, the judgment appealed from is hereby affirmed, at the cost of appellant.