LAND, Justice.
 

 An automobile owned and driven by Dr. George R. Beridon had a collision with an automobile owned and driven by James A. De Jean, and in which Lawrence B. San-doz was a guest.
 

 Separate suits for damages were filed by De Jean and his guest, Sandoz, against Dr. Beridon and the /Etna Life Insurance Company, his liability insurance carrier.
 

 These suits were consolidated for trial in the district court, and each plaintiff recovered judgment against Dr. Beridon.
 

 On appeal by defendant to the Court of Appeal, First Circuit, these suits were also consolidated in that court.
 

 The judgment in favor of Sandoz was amended and affirmed; and the judgment in favor of De Jean was reversed-and the suit dismissed, as the Court of Appeal found that he was guilty of contributory negligence. Sandoz v. Beridon (De Jean v. Beridon) (La.App.) 150 So. 25.
 

 Plaintiff, /Etna Life Insurance Company, as the insurer of Dr. Beridon’s car against damages caused to others,
 
 paid the judgment in favor of Sandoz against Dr. Beridon,
 
 which, with interest and cost, amounts to the sum of $4,063.43.
 

 In the present suit, plaintiff insurance company seeks to recover
 
 one-half
 
 of this amount from De Jean and the American Indemnity Company, his liability insurance carrier, on the ground and under the allegations that, by virtue of such payment on behalf of Dr. Beridon,
 
 plaintiff is legally subrogated
 
 to all the rights which Dr. Beridon' has against De Jean, and is entitled to recover of De Jean; as joint tortfeasor, for contribution as a solidary obligor of Lawrence B. Sandoz.
 

 Defendants filed in the lower court an exception of no right or cause of action to plaintiffs demand, which was sustained, and plaintiff’s suit was dismissed. From that judgment plaintiff appealed to this court. The case was transferred to the Court of Appeal, First Circuit, on motion to dismiss, for the reason that this is a suit for damages for physical injuries, and that this court was without jurisdiction ratione materias. Ætna Life Insurance Co. v. James A. De Jean et al., 183 La. 529, 164 So. 331.
 

 In due course, the Court of Appeal (167 So. 864) affirmed the judgment of the lower court, sustaining the exception of no right or cause of action, but did not pass on the plea of prescription of one year filed by defendants in the Court of Appeal; this court having decided, in transferring the case, that plaintiff’s suit is an action arising wholly in tort.
 

 The case is now before this court on writ of review from the Court of Appeal, First Circuit.
 

 1. At the outset, it must be noted that Sandoz, the injured guest in De Jean’s
 
 *1077
 
 car, did not bring an action for damages against De Jean and Dr. Beridon, as joint tort-feasors, and obtain judgment in solido against both defendants for damages arising from their concurrent negligence.
 

 Had Sandoz done so, then the solidary liability of both defendants would have been fixed by a judgment of court, and, under article 2103 of the Civil Code, as construed by this court in the recent case of Quatray v. Wicker, 178 La. 289, 151 So. 208, Ætna Life Insurance Company, the alleged subrogee, would have been entitled to enforce a contribution against De Jean.
 

 In the opinion of this court, ordering this case transferred to the Court of Appeal, it is said: “The fact the Court of Appeal [Sandoz v. Beridon (De Jean v. Beridon) 150 So. 25] found that De Jean, because of his contributory negligence, could not recover from Dr. Beridon is not of itself sufficient to condemn De Jean in damages for the injuries suffered by San-doz. That decision does not establish the joint liability of Dr. Beridon and De Jean for such injuries and damages. In order for Dr. Beridon or for plaintiff, as his alleged subrogee, to recover from De Jean, it must be shown independently that Dr. Beridon and De Jean were jointly guilty towards Sandoz of the tort that injured and damaged him. That can only be done by a trial on the merits, if the case should ever reach a trial on the merits. In other words, plaintiff’s action is one ex delicto, wholly dependent for its successful issue upon plaintiff’s ability to establish on the trial, if a trial be reached, that De Jean was equally at fault with Dr. Beridon in causing the injuries and damages suffered by Sandoz.” Ætna Life Ins. Co. v. De Jean, 183 La. 529, 532, 533, 164 So. 331, 332.
 

 2. We do not find any conflict between Sincer v. Heirs of Bell, 47 La.Ann. 1548, 18 So. 755, and Quatray v. Wicker, 178 La. 289, 151 So. 208, as contended by able counsel for plaintiff.
 

 The case of Sincer v. Bell, as announced in Quatray v. Wicker, 178 La. 289, at page 296, 151 So. 208, 210, “is authority for the proposition that
 
 one
 
 of two joint tortfeasors
 
 zvho has been judicially compelled to pay for the damages committed by them jointly
 
 has not a right of action
 
 against the other
 
 of the two joint tortfeasors
 
 who has not been judicially condemned
 
 to pay the damages. But Sincer v. Bell is not appropriate to a case where
 
 tzsjo joint tort-feasors
 
 have been judicially condemned, in solido, to pay damages, and
 
 one
 
 of them has paid the judgment.” (Italics ours.)
 

 It is also said in Quatray v. Wicker, 178 La. 289, at page 295, 151 So. 208, 210: “This case is different from that of Sincer v. Bell, in that the amount of the damages which the Hartford Accident & Indemnity Company paid for Wicker, in this case, was represented by a judgment against Wicker and Marchesseau, in solido, for the damages.”
 

 It is to be noted,
 
 particularly,
 
 that, in commenting on the Sincer Case, in Qua-tray v. Wicker, this court said at page 296 of 178 La., 151 So. 208, 210:
 

 “The opinion rendered in the case [Sincer v. Bell] contains
 
 an inference
 
 that, if
 
 *1079
 
 the judgment which Sincer had paid had been rendered
 
 against him and Bell in solido,
 
 Bell would have owed
 
 compensation
 
 to Sincer.
 
 Here is the inference:
 

 “
 
 ‘Nor, in our view, can Sincer derive any action against Bell
 
 by the payment of the judgment.
 
 That judgment was
 
 against Sincer alone, adjudging him liable for negligence.
 
 * * * There could be, as between Sincer and Bell,
 
 no contribution
 
 arising out of that payment,
 
 for contribution, when admitted,
 
 is on the theory that
 
 payment by one discharges another also.’ ”
 
 (Italics ours.)
 

 The judgment in the case at bar in favor of Sandoz, the injured guest in De Jean’s car, is against Dr. George R. Beridon
 
 alone, adjudging him liable for negligence.
 
 No co-tort-feasor was made defendant in the case.
 

 The judgment rendered against Dr. Beridon is therefore for his own
 
 individual
 
 liability, arising from his own
 
 individual
 
 negligence, and, clearly, it is a judgment for his own
 
 individual
 
 debt.
 

 Since Dr. Beridon, upon his payment of this judgment, would not have been entitled to contribution against De Jean, it follows, necessarily, that .plaintiff, ¿Etna Life Insurance Company, th.e alleged subrogee of Dr. Beridon, acquired no greater rights by its payment of the judgment in favor of Sandoz than Dr. Beridon would have had, had he paid the judgment himself.
 

 Our conclusion is that the judgment of the Court of Appeal, First Circuit, affirming the judgment of the district court, sustaining the exception of no right or cause of action tendered by defendants, is correct. We do not find it necessary to pass upon the plea of prescription of one year.
 

 It is therefore ordered that the judgment of the Court of Appeal, First Circuit,-be and is hereby affirmed, and that plaintiff, ¿Etna Life Insurance Company, pay all costs including cost of the present application for writ of review.