AYRES, Judge.
This is an action for property damage to plaintiff’s automobile in which plaintiff im-pleaded, as defendants, Allstate Insurance Company and T. L. James & Company, Inc., and the latter’s liability insurer, National Surety Corporation.
From a judgment in plaintiff’s favor against Allstate Insurance Company, but wherein plaintiff’s demands as against the other defendants were rejected, Allstate Insurance Company appealed. This appellant contends that the judgment wherein it was condemned is erroneous, but, in the alternative, that the judgment should be amended so as to include T. L. James & Company, Inc., and the National Surety Corporation as debtors, in solido. Before this court, these defendants contend that Allstate’s appeal has no effect as against them.
The position taken by T. L. James & Company, Inc., and its insurer is well founded. Since plaintiff did not appeal from the judgment which rejected his demands and dismissed his action as against these defendants, they are no longer involved in this controversey. There is abundant authority for the principle where, in a suit against two or more defendants who are alleged to be solidarily liable, one or more of the defendants is dismissed and there is no appeal by plaintiff that an appeal by another defendant cast in the judgment has no effect against the defendant or defendants who were not cast. Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450; Haindel v. Sewerage and Water Board, La. *215 App., Orleans 1959, 115 So.2d 871; Kahn v. Urania Lumber Co., La.App. 2d Cir., 1958, 103 So.2d 476; Spanja v. Thibodaux Boiler Works, La.App., Orleans 1948, 37 So.2d 615. We, therefore, conclude that when plaintiff failed to appeal from the judgment insofar as it rejected his demands against T. L. James & Company, Inc., and the National Surety Corporation, the controversy, insofar as these defendants are concerned, was terminated and came to an end, and that the appeal by a codefendant was ineffective as making them parties to the appeal or to bring them before this court.
On the merits of the appeal, the issues relate to the question of negligence on the part of defendant’s assured and of the negligence, or contributory negligence, of plaintiff. The issues involve only a question of fact.
The facts as to the occurrence of the accident may be briefly stated. The accident occurred on State Highway 3, a 2-lane concrete-paved highway, about 6 miles north of Benton, about 8:30 a. m., July 21, 1959. From the scene of the accident, the highway was straight and level for several miles to the south and, notwithstanding a slight curve to the north, visibility from that direction was likewise unobstructed for a distance of approximately a mile and a half. At the time of the accident the highway was undergoing extensive repairs in a widening and resurfacing project undertaken by the Department of Highways, contracted by T. L. James & Company, Inc. On the east side of the highway near the scene of the accident, the contractor was maintaining a construction yard for the storage of materials and equipment used in carrying out the work undertaken in the project. A speed limit of 45 miles per hour was posted on this highway, except near the entrance to the aforesaid yard where a limit of 20 miles per hour was posted.
The record discloses the occurrence of these incidents immediately preceding the accident. Errol L. Aymond and Don Sayes, employees of T. L. James & Company, Inc., had loaded, from the aforesaid construction yard, a flat-bed Chevrolet truck with steel rods for transportation to a culvert under construction a few miles to the north. In entering upon the highway, a portion of the load shifted on the truck and became slightly dislodged, requiring that the truck be stopped in order that the load be adjusted. Therefore, the driver brought the truck to a stop with the front bumper extending within three or four feet of the center line of the highway. Aymond, the driver, on seeing a vehicle approaching from the south, alighted from the truck and waved and signalled the stoppage of the oncoming car. This vehicle, driven by one Morris B. Seale, came to a stop within a few feet of the truck. Aymond, then seeing plaintiff’s automobile approaching from the north in its proper lane of travel, signalled plaintiff to continue to proceed. On then looking to the south, Aymond observed a motor vehicle, driven by Mrs. Emma C. Smith and accompanied by her husband, Robert A. Smith, approaching from the south in her east, or right-hand, lane of travel at what he observed to be a fast rate of speed. Aymond immediately waved his red flag in an effort to signal Mrs. Smith to bring her vehicle to a stop. Nevertheless, despite the continuous efforts of Aymond to attract Mrs. Smith’s attention, she continued forward notwithstanding the presence of the James truck and the Seale vehicle in her lane of travel, and plaintiff’s approach from the opposite direction in his lane of travel.
The inevitable happened. On finally realizing that her own lane of travel was obstructed and that she could not turn to the right, Mrs. Smith swerved her car to the left resulting in a head-on collision with plaintiff’s car near the western edge of the paved highway opposite the James truck; plaintiff’s car, however, eventually struck the Seale vehicle.
The evidence conclusively establishes negligence on the part of Mrs. Smith. After bringing his car to a stop, Seale, who was accompanied by his wife and children, *216 testified he observed, through his rearview mirror, the approach of the Smith car at a fast rate of speed, whereupon he immediately became concerned and alarmed about the welfare of his family and began pressing his brakes in order that the flashing of the vehicle’s rear lights might warn the driver of the danger about to be encountered. The testimony of the Smiths was that before reaching the scene of the accident, they were following a truck, the rear of which was covered with a tarpaulin and, desiring to pass this truck, Mrs. Smith increased her speed to approximately SO miles per hour and, on. such passing, she observed the Seale vehicle stopped, or coming to a stop, in front of her. Being unable to stop, she swerved her vehicle to her left across the southbound traffic lane and toward the ditch. Plaintiff Waggonner testified that as he approached the scene and saw the James truck, he reduced his speed and, in obedience to the flagman’s signal, continued forward, but, on observing that Mrs. Smith, at first, was paying no attention and then proceeded into his lane of traffic, he swerved his own vehicle toward the shoulder of the road and applied his brakes in an effort to avoid a head-on collision which, as stated, occurred opposite the James truck. No one, other than Mr. and Mrs. Smith, saw the truck they testified passing just before reaching the scene of the accident.
The conclusion is inescapable that Mrs. Smith’s lack of observation and excessive speed under the existing circumstances constituted the sole, proximate cause of the accident. She made no timely observation of the presence of either the James truck or the Seale station wagon in her traffic lane; nor did she observe or heed the flagman’s efforts to warn her of the danger she was approaching. Oblivious of the danger, she proceeded, so she says, to pass a moving truck at an accelerated speed; whereupon she was confronted with the obstruction of a stopped truck and car in her ovsfti lane of travel and an approaching car in the other lane. At the moment she made observation, neither time nor opportunity, nor intervening distance permitted her to take any effective means to prevent the accident.
Plaintiff is wholly without fault. He was proceeding at the usual, normal rate of speed, although in excess of the 20-mile limit posted in the immediate vicinity. On 'seeing the James truck, he slowed his pace and, on the flagman’s signal, continued forward. When the Smith vehicle swerved into his lane of travel, neither time nor distance permitted him, even though he swerved his car to the right and applied his brakes, to avoid the accident.
Nor is it material that plaintiff was traveling in excess of 20 miles per hour. His speed was neither a proximate nor a contributing cause of the accident. We had occasion to observe, in Cone v. Smith, La. App. 2d Cir., 1954, 76 So.2d 46, 49:
“Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of the injury; that is to say — the injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. See: 60 C.J.S., Motor Vehicles, §§ 251, 252; Railway Express Agency v. Knebel, Tex.Civ.App., 226 S.W.2d 922; Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016; Knops v. Ordorica, Tex.Civ.App., 242 S.W.2d 454.
“That Smith drove at a great, excessive and reckless rate of speed, which speed was in excess of fifty-five miles per hour, contrary to law, is subject to the requirements of law above stated and the factor of speed in oi'der to create liability must not only cause the injury but must be a proximate *217 cause of the injury. It is admitted that Smith was traveling at a speed of from eighty-five to ninety miles per hour when he first observed the approaching Robinson vehicle. After weighing every implication of this fact we still must find that the conduct of Robinson was the sole cause of the collision and the speed of the Smith vehicle was not a contributing factor.”
We, therefore, not only fail to find manifest error in the judgment appealed, but conclude that it is abundantly supported by the facts established in the record, and it is, therefore, affirmed at appellant’s cost.
Affirmed.