148 So.2d 100 (1962)
Tyrus Cobb LANIER et al., Plaintiffs-Appellees,
v.
T. L. JAMES & COMPANY Inc. and National Surety Corporation, Defendants-Appellants.
No. 5664.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
Rehearing Denied December 14, 1962.
Seale, Hayes, Smith, Keogh & Franklin, by Joseph F. Keogh, Baton Rouge, for appellants.
*101 Durrett, Hardin, Hunter, Dameron & Fritchie, by Wallace A. Hunter, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
The defendant, T. L. James & Company Inc., and its insurer, National Surety Corporation, have appealed from a judgment of the district court which sustained an exception of no cause and no right of action and a plea of prescription of one year to their petition as third party plaintiffs against the Sheriff of Tangipahoa Parish and his insurer, St. Paul Fire and Marine Insurance Company.
On July 23, 1959, Tyrus Cobb Lanier, a deputy sheriff of the Parish of Tangipahoa, accompanied by his wife, Mrs. Jonnie Lanier as a guest passenger, in the course and scope of his employment was operating an automobile belonging to the Sheriff's Department of the Parish of Tangipahoa and was involved in an accident in the Parish of West Feliciana.
On July 22, 1960, Tyrus Cobb Lanier and his wife filed suit for damages for personal injuries, medical, hospital and doctor bills, future medical expenses, travel and other expenses for medical treatment, physical pain and mental anguish, and in the same suit the Sheriff of Tangipahoa Parish sued for the deductible amount of its insurance in the sum of $100.00 and its insurer, St. Paul Fire and Marine Insurance Company, sued for the damage caused by the collision less the deductible amount of $100.00, which came to $590.33 that the insurer had paid.
Thereafter, on June 9, 1961 the defendants, T. L. James & Company, Inc., and its insurer, National Surety Corporation, filed a third party petition naming as third party defendant the Sheriff of Tangipahoa Parish and his automobile liability insurer, St. Paul Fire and Marine Insurance Company. The basis of the third party plaintiff's petition is that if the injuries to the guest passenger, Mrs. Jonnie Lanier, were proximately caused by the negligence of her co-plaintiff, Tyrus Cobb Lanier, in the operation of the automobile and he was acting as the agent, servant, and employee of Thomas I. Sanders, Sheriff of Tangipahoa Parish and such negligence was "* * * directly imputed and attributed to the said Thomas I. Sanders, Sheriff of Tangipahoa, and the liability insurer of Tangipahoa Parish Sheriff's Office * *" and therefore any injuries resulting to Mrs. Jonnie Lanier were due to the negligence of Tyrus Cobb Lanier, which was the proximate cause of the accident and the third party plaintiffs are entitled to have judgment over and against the third party defendants for any and all amounts of any judgment rendered in favor of the plaintiff, Mrs. Jonnie Lanier.
The Sheriff of Tangipahoa Parish and his insurer, St. Paul Fire and Marine Insurance Company, to the third party petition filed an exception of no cause of action and no right of action or interest in the third party plaintiffs against the third party defendants or either of them, and also a plea of prescription of one year. The basis of these exceptions is set forth by the exceptors as follows:
"3. As shown by the record herein the accident out of which this litigation arises and out of which this third party action arises occurred on January 23, 1959, and before the amendment of the provisions of Article 2103 of the Louisiana Civil Code, effective January 1, 1961, and thus the rights of the said parties in this litigation were fixed as of the date of accident, July 23, 1959, at which time the law of the State of Louisiana was to the effect that there was no contribution between alleged joint tort-feasors.
"4. Movers show that the amendment to Article 2103 of the Louisiana Civil *102 Code, effective January 1, 1961, providing for contribution between tortfeasors was a change in the substantive law of the State of Louisiana and is not retroactive to any accident occurring prior to its effective date, January 1, 1961.
"5. Exceptors further base this peremptory exception on prescription of one year for all personal injury suits and claims for damages arising out of an alleged wrong; exceptors show that more than one year has elapsed since the date of this accident, July 23, 1959, and prior to the filing of this demand by the third party petition, June 9, 1961, and exceptors specifically plead that any such claim is barred by the applicable prescriptive period of one year."
The identical question presented to this court on the exception of no cause or no right of action was considered by our brethren of the Third Circuit Court of Appeal in Brown v. New Amsterdam Casualty Company, La.App., 136 So.2d 283, and by the Supreme Court of Louisiana as a result of its having granted a writ of certiorari. See Brown v. New Amsterdam Casualty Co., 243 La. 271, 142 So.2d 796. In the Brown case, the tort actions arose out of a collision which occurred on September 1, 1960 between an automobile driven by Joseph B. Brown, Sr., one of the plaintiffs, and the truck operated by Eugene Jones which was owned by his employer, Everett W. Manning, and was insured by the New Amsterdam Casualty Company. Passengers in the automobile at the time of the accident were Brown, his wife, his two minor children and a minor child of Joseph B. Brown Jr. Allegedly all of them received injuries as a result of the collision, those of Mrs. Brown ultimately causing her death. The suits were instituted subsequent to January 1, 1961 (February 13, 1961) by Brown Sr. and Brown Jr. against Manning, his insurer, the New Amsterdam Casualty Company, and others to recover damages for themselves and their minor children.
Manning and his insurer, after answering, filed third party petitions against Hartford Accident and Indemnity Company, the automobile liability insurer of Joseph B. Brown Sr., alleging that the latter was a joint tort feasor and as such he and his insurer were liable for their proportionate share of whatever damages might be assessed.
To the third party petition, Hartford filed exceptions of no right and no cause of action, which were sustained by the District Court and such petitions dismissed, which resulted in an appeal to the Third Circuit Court of Appeal by the third party plaintiffs (Defendant in the original action) from the dismissal of their third party demand.
Our brethren of the Third Circuit Court of Appeal, in considering the case, stated:
"The defendants' impleader by third-party demand of Hartford as an alleged joint tort feasor is founded upon Civil Code Article 2103, as amended by Act 30 of 1960, which pertinently provides: `A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, * * * whether or not the third party defendant was sued by the plaintiff initially * * *. The legislature specifically provided that the 1960 amendment was to become effective on January 1, 1961.
"Prior to the amendment of this Civil Code article by Act 30 of 1960, a tortfeasor could not, under the settled jurisprudence, enforce contribution from a joint tortfeasor unless and until both had been cast in solido by judgment secured against them by the injured party. See Kahn v. Urania Lumber Co., La.App. 2 Cir., 103 So.2d 476, and authorities comprehensively discussed *103 therein. As summarized in a scholarly review of the Louisiana jurisprudence on the question, `there is no contribution between joint tort feasors where the injured does not assert the right against both; the sued cannot enforce contribution from the one not sued.' Holloman, `Contribution between Tortfeasors: Treatment by the Courts of Louisiana', 19 Tul.L. Rev. 254 (1944), 262.
"Thus, at the time the accident occurred on September 1, 1960, Hartford's insured or Hartford itself could not be impleaded by the defendants as a joint tortfeasor; Hartford or its insured could only be joined as defendants at the instance of the plaintiff. The assumed intention of the 1960 amendment was, effective as of January 1, 1961, to permit the impleading of those solidarily liable as alleged joint tortfeasors, such as Hartford, at the instance also of defendants alleged to be tortfeasors, as well as by the injured plaintiffs. The present suit was filed on February 13, 1961, after the effective date of the amendment.
"Succinctly, if the 1960 amendment was remedial legislation changing the procedural law, then perhaps the defendants are entitled to implead Hartford as third party defendant in the present suit, but, if this amendment changed the substantive law, then it does not apply retroactively and did not effect substantive rights vested as of September 1, 1960, when the accident occurred, before the effective date of the amendment (as the trial court held in dismissing the third-party demand against Hartford). Henry v. Jean, 238 La. 314, 115 So.2d 363; Manuel v. Carolina Casualty Ins. Co., La.App. 3 Cir., 136 So.2d 275 (No. 350, Docket of this court; decided this same day); Derouen v. Lard, La.App. 1 Cir., 121 So.2d 311; Davis v. United Fruit Co., La.App. 4 Cir., 120 So.2d 273; Brown v. Indemnity Insurance Co., La.App. 2 Cir., 108 So.2d 812.
* * * * * *
"* * * Under these decisions and the jurisprudence therein cited, the right of one alleged to be a joint tortfeasor not to be impleaded at the instance of another, nor to be required to contribute to a judgment secured against the latter by the plaintiff, was a substantive right under Louisiana law at the time the accident occurred. These holdings are determinative of the present question."
The Court squarely held that the trial court had correctly held that Hartford could not be impleaded as third party defendant because of the substantive law in force at the time of the accident.
The Supreme Court of Louisiana granted a writ (142 So.2d 796) and in reversing the holding of the Court of Appeal, stated:
"On these quoted provisions of Article 2103, as amended by the 1960 statute, the controverted third party petitions herein are based.
"In affirming the dismissal of the third party petitions the Court of Appeal first recognized that under the jurisprudence of this state as it existed prior to the 1960 amendment to Article 2103 an alleged tort feasor could not enforce contributions from a person whom he asserted to be a joint wrongdoer unless and until both had been cast in solido by a judgment secured by the injured party. It then approved the contention of the exceptors that the amendment of 1960 constituted a substantive, rather than procedural, change in the law; and, that, hence, the change could not affect the rights of co-tort feasors respecting an accident occurring prior to the effective date of the legislative amendment. But the conclusion of the Court of Appeal, as well as the contention of exceptors, appears to be based on the *104 false premise that the rights of joint tort feasors, as between themselves, arise on the commission of the tort.

"It is true that as of that time the injured party's right and cause of action against either or both of two joint tort feasors come into being; and conversely, the obligation of each of the latter to the claimant also commences. On the other hand, the rights and obligations as between the joint wrongdoers do not then arise, because they are not created by virtue of the commission of the tort and of the provisions of Revised Civil Code Article 2315. Rather, they spring from the principle of contribution, enunciated in Article 2103 and our jurisprudence, which is required of solidary obligors when one has been compelled to pay the full amount of the obligation. See Sincer v. Bell, 47 La.Ann. 1548, 18 So. 755 and Quatray v. Wicker et al, 178 La. 289, 151 So. 208. And it is only after judicial demand has been made on one or two or more solidarily obligated tort feasors that they can have any possible interest in seeking contribution.

"Therefore, herein, when the 1960 amendment to Revised Civil Code Article 2103 became effective on January 1, 1961, there were no rights or obligations in case as between Manning and New Amsterdam on the one hand, and the third party action defendant, Hartford (the instant suits were not filed until after that date); and, as a consequence, those codal provisions could not possibly have affected any preexisting substantive rights as between such parties. From which it follows that it is immaterial whether the relief afforded by the 1960 amendment is substantive or procedural." (Emphasis added.)
It is clear from the opinion of the Supreme Court and particularly the emphasized portions, supra, that it held the rights of joint tort feasors as between themselves (contribution) arise from judicial demand and not on the date of the commission of the tort, and that in the Brown case, the suit having been filed on February 13, 1961, after the effective date (January 1, 1961) of the amendment of LSA-Civil Code Article 2103 by Act 30 of 1960 that the right of the defendants to file a third party defendant was governed by the amended article of the LSA-Civil Code, 2103, and therefore the exceptions of no cause and no right of action were overruled.
Applying the ruling of the Supreme Court in the Brown case, to the facts of the case at bar, we find that the latter was filed on the 22nd day of July 1960 against the defendants and third party plaintiffs, and it is therefore on this date that the right of the joint tort feasor to demand contribution must be adjudged. In view of the fact that the effective date of the amendment to LSA-Civil Code Article 2103 was not until January 1, 1961, the rights of the defendants, third party plaintiffs, in asserting a claim for contribution is governed by the same rule of law so fully and ably discussed in Kahn v. Urania Lumber Co., La.App., 103 So.2d 476. The Court stated the rule as follows:
"The general rule of law well established in the jurisprudence of this State is there is no right of contribution between joint tort-feasors unless and until they have been condemned in a judgment in solido, and then only in favor of the joint tort-feasor who has paid the damages awarded. Quatray v. Wicker, 178 La. 289, 151 So. 208; Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450; Appalachian Corp., Inc., v. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 So. 539; Winford v. Bullock, 210 La. 301, 26 So.2d 822; Sincer v. Widow and Heirs of Bell, 47 La.Ann. 1548, 18 So. 755; Toye Bros. Yellow Cab Co. v. V-8 Cab Co., La.App., 18 So.2d 514; Spanja v. Thibodaux *105 Boiler Works, La.App., 37 So. 2d 615; De Cuers v. Crane Co., La. App., 40 So.2d 61; May v. Cooperative Cab Co., La.App., 52 So.2d 74."
Unless the 1960 amendment which became effective on January 1, 1961 can be applied retroactively, the ruling of the District Court in sustaining the exception of no right and no cause of action must be affirmed. This question has been discussed and answered by our Brethren of the Second and Third Circuit Courts of Appeal and to date their ruling has remained undisturbed by the Supreme Court of the State of Louisiana. In the Urania Lumber Co. case, supra, the Court on this point held:
"The statute is clearly procedural in character and a study thereof discloses no intention on the part of the Legislature to effectuate a change in the substantive law as pertains to the right of contribution as between joint tort-feasors. Had the Legislature intended such a change, its intent could have been expressed unequivocably and in no uncertain terms, in which event there would be no necessity for an attempt to interpolate, under the guise of interpretation, a provision which was not incorporated in the statute."
The ruling in the Urania Lumber Company case was followed in Brown v. New Amsterdam Casualty Company, 136 So.2d 283 by the Third Circuit Court of Appeal with Judge Tate as the organ of the Court.
We are in accord with the holding of the Second and Third Circuit Courts of Appeal that the 1960 amendment constituted a change in the substantive law and does not apply retroactively and did not effect substantive rights vested as of July 22, 1960 when this suit was filed and judicial demand made upon the defendantsthird party plaintiffsbefore the effective date of the amendment.
For the above and foregoing reasons the judgment of the trial court maintaining the exception of no cause and no right of action is affirmed.
If we are correct in our holding that on the date of judicial demand the defendantsthird party plaintiffshad no right to enforce contribution, then there could be no question of the prescription of such a non-existent right and, accordingly, the maintaining of the plea of prescription of one year by the lower court was erroneous, and it is hereby annulled, and set side, and it is now ordered that the plea of prescription be and the same is hereby overruled.
The costs of this appeal to be paid by the defendants, third party plaintiffs, appellants, and all other costs to await the final outcome of the case on its merits.
Affirmed in part and reversed in part.