SAMUEL, Judge.
This matter is before us on two motions to dismiss appeals. The suit arose out of a collision between two automobiles, one driven by the plaintiff’s wife and the other driven by one of the defendants. The defendant-driver, Peter Bertucci, his liability insurer, Agricultural Insurance Company, and the liability insurer of the vehicle driven by plaintiff’s wife, General Accident Life & Fire Assurance Corporation, are the defendants.
The petition alleges that the three defendants are indebted, in solido, to plaintiff, individually, for property damages to his automobile and medical expenses incurred by him as a result of the fact that his minor child was injured in the collision, and to plaintiff, for the use and benefit of the child, for the personal injuries suffered by her. There was judgment in the trial court in favor of plaintiff, individually, and against the defendant-driver and his insurer, Agricultural, in solido, in the sum of $609.50, and in favor of plaintiff, for the use and benefit of his minor child, and against the same two defendants, also in solido, in the sum of $100.00 for the child’s injuries. There was also judgment in favor of General Accident, the insurer of the automobile driven by plaintiff’s wife, dismissing the suit against that insurer.
Plaintiff has appealed from the judgment only insofar as the claim of the minor child is concerned and has specifically, both in his individual and administrative capacities, not appealed from that portion of the judgment which dismissed his suit against General Accident, the insurer of the automobile driven by his wife. His petition for appeal states that he acquiesces in the judgment of dismissal. Agricultural, the insurer of the automobile driven by the defendant-driver, and that driver, have also appealed alleging that they are aggrieved by the entire judgment, including that portion which dismissed the suit as against the other insurer, General Accident.
General Accident has filed the motions to dismiss the appeals taken by Agricultural and Bertucci, insofar as such appeals may affect General Accident, on the ground that *96 the controversy between plaintiff and mover came to an end when plaintiff failed to appeal from the judgment rejecting his demands against that insurer and therefore General Accident cannot now be brought before this court by appeals taken by its co-defendants.
The settled rule in Louisiana prior to the effective date of the Code of Civil Procedure and Act 30 of 1960, the date in both cases being January 1, 1961, was that where two defendants are sued as solidary obligors, and the plaintiff takes no appeal from a judgment dismissing the suit as to one defendant while condemning the other, an appeal by the defendant who has been condemned has no effect on the defendant as to whom the judgment has dismissed the suit and such an appeal does not bring the latter before the appellate court. Waggonner v. Allstate Insurance Company, La. App., 128 So.2d 214; Haindel v. Sewerage and Water Board, La.App., 115 So.2d 871; Kahn v. Urania Lumber Company, La.App., 103 So.2d 476.
However, Act 30 of 1960, which amended LSA-Civil Code, Article 2103, has the effect of legislatively overruling this line of jurisprudence. That article now reads as follows :
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff. (As amended Acts 1960, No. 30, § 1.)” LSA-C.C. Art. 2103.
Now, under the amended LSA-Civil Code, Article 2103 and the third party practice procedure permissible under Articles 111 1— 1116 of the LSA-Code of Civil Procedure, where two defendants are before the trial court as solidary obligors in the manner provided by that Civil Code Article, and the judgment of the trial court dismisses one of the defendants and condemns the other, even in the absence of an appeal by the plaintiff from the judgment of dismissal, an appeal by the condemned defendant brings the discharged defendant before the appellate court and, in the absence of additional facts or circumstances (as, for example, acquiescence in the judgment of dismissal in the instant case), the litigation may be continued against him as though an appeal from the judgment of dismissal had been taken by the plaintiff. The choice of defendants is no longer solely within the control of the plaintiff and the condemned defendant has an appealable interest.
We are here concerned with the problem of whether or not the appellants have brought themselves within the language of the amended LSA-Civil Code, Article 2103 so as to give them the right to appeal insofar as the appeals may affect the question of contribution between them and the dismissed defendant, General Accident. Appellants did not make General Accident a third party defendant under the pertinent articles of the Code of Civil Procedure. And under LSA-Civil Code, Art. 2103, as amended, defendants such as Agricultural and Bertucci in the instant case may seek to enforce contribution, if they are cast, against a solidary co-debtor “by making him a third party defendant in the suit, * * * whether or not the third party defendant was sued by the plaintiff initially^ * * *» (emphasis ours).
It would seem that little useful purpose could be served by requiring that a co-debtor make a third party defendant of *97 one who has been named as a defendant and is already in the suit as a co-defendant, allegedly solidary, with the co-debtor who seeks to enforce contribution. But we must concern ourselves with what the law is and not with what we feel it should be. And to hold that the third party procedure is unnecessary where two defendants have been sued by the plaintiff as solidary obligors would result in reading out of the amended article the clear and unambiguous phrase “whether or not the third party defendant was sued by the plaintiff initially”.
As we understand the second paragraph of the present LSA-Civil Code, Article 2103, the defendant sued on a solidary obligation, or an obligation which may be solidary, is given the right to, i. e., he may, seek to enforce contribution against his solidary co-debtor in the suit which has been filed against him. But in order to do so he must make his solidary co-debtor a third party defendant regardless of whether or not the latter is already a party defendant in the suit.
The article does not provide that the defendant seeking to enforce contribution against a solidary co-debtor who is not a party to the suit may proceed to establish the initial fact of solidary liability on the part of the other obligor by bringing him in as a third party defendant. It specifically provides that a co-debtor may be brought in as a third party defendant whether or not he has been sued initially and this can only contemplate making him a third party defendant in either case. LSA-Code of Civil Procedure, Art. 1111 permits bringing in as a third party defendant “ * * * any person, including a codefendant, * *
The defendant seeking to enforce contribution need not follow the third party procedure. While it is preferable to determine solidary liability, or the absence thereof, in a single action, our law does not require that such liability, as it affects the right to contribution between joint tort feasors, must he determined in the original action; such determination may be made in a subsequent action. See Perot v. United States Casualty Co., La.App., 98 So.2d 584, 589. And, in addition to the question of whether or not a defendant desires to seek to enforce contribution, it is only to this extent, the choice between the two methods, in the same or in a subsequent action, that the word "may” as used in Article 2103 is permissive.
Under LSA-Code of Civil Procedure, Articles 1037, and 1113 (Art. 1113 is one of those specifically referred to in the quoted LSA-Civil Code, Art. 2103), a defendant who does not bring in as a third party defendant a person who is liable to him for all or a part of the principal demand does not on that account lose his right or cause of action against such person unless the latter had the means of defeating the action and unless such means were not used as a result of his not being brought in as a third party defendant or not being informed that the suit had been brought. Of course, the exception which would cause the loss of the right or cause of action, non-use of means to defeat the action resulting from not being brought in as a third party defendant or not being informed that the action had been brought, could not exist in a case where the person who could have been brought in as a third party defendant was already a named defendant in the suit.
We are aware of a holding to the contrary in the case of Vidrine v. Simoneaux, La.App., 145 So.2d 400, recently handed down by the Court of Appeal, Third Circuit. Notwithstanding our very real respect for, and high regard of, the opinions of the learned judges of the Third Circuit, we must disagree. We hold that where two or more defendants are sued as solidary obligors and the plaintiff takes no appeal from a judgment dismissing the suit as to one defendant, an appeal by a defendant who has been condemned by the judgment has no effect on the defendant as to whom the judgment has dismissed the suit and *98 such an appeal does not bring the latter before the appellate court, unless the condemned defendant has brought in the other as a third party defendant under the provisions of LSA-Code of Civil Procedure, Articles 1111-1116.
For the reasons assigned, the appeals herein taken by Agricultural Insurance Company and Peter Bertucci, but only insofar as said appeals may affect General Accident Life & Fire Assurance Corp., Ltd., and no further, are dismissed; costs to be paid by said appellants.
Motions to dismiss maintained.