## BRANNAN, PATTERSON & HOLLIDAY v. WM. R. HOEL.

The right of the owners of a boat to recover from their officers, through whose neglect damage has been done, the amount paid by them on account of such damage, is not prejudiced by the fact that instead of contesting the demand, they compromised it.

The pilot or any other officer of a boat should not be held responsible to the owners unless it be clearly shown that he has been guilty of negligence, by which the loss was occasioned—but he cannot escape responsibility when such negligence is shown, simply because other persons are also culpable. In such case, he is bound *in solido* with the other negligent parties.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Hart & Martin*, for plaintiffs. *Simonds & Fenner*, for defendant and appellant.

MERRICK, C. J. " Plaintiffs allege that the defendant, *Wm. R. Hoel*, while in charge, as pilot, of their steamboat, the Virginia, did, on the 5th day of January, 1858, by gross carelessness and neglect, run into and sink, at Vicksburg, a number of boats loaded with coal, the property of *Victor F. Wilson*, of that place ; that the said boats were worth fully twenty-five hundred dollars ; that their steamer was attached in the Sixth District Court of New Orleans, and that they had been compelled to pay the said sum, and were entitled in law to recover the same from defendant, through whose negligence the collision had occurred."

" The plaintiffs examined five witnesses, from whom it appears that the collision took place between two and three o'clock on the morning of the 5th of January, 1858 ; that the moon was shining brightly, and all objects were clearly visible ; that the coal boats were lying in their proper place, about three hundred yards below the wharf boat, which was the usual steamboat landing at Vicksburg ; that lights were exhibited on the boats ; that the steamer came in at a high rate of speed, and made a very awkward landing ; that she destroyed property to the amount of three thousand dollars ; that she was soon afterwards attached in New Orleans, at the suit of the owner of the coal, and that the suit was compromised for twenty-five hundred dollars."

" And finally, it is shown that the defendant was acting as pilot on the steamer at the time of the collision, and was then at the wheel."

The defendant has introduced witnesses, showing that he sustains an excellent character in his occupation, and that he is a skillful and careful pilot. He produces also one witness who was on the steamboat and acted as mate at the time the collision took place. This witness is contradicted by plaintiffs' witnesses in some particulars. He says it was *a dark morning*, and that the coal boats *had no lights visible ;* that if they had had lights, the collision could have been avoided ; that the coal boats were not discovered in time ; that at the time they were seen, the wind was blowing and it was impossible to prevent the collision

although the pilot used every exertion so to do; he says further, that the collision happened without any negligence on the part of the pilot.

The judgment of the lower court was in favor of plaintiffs for $2550, and defendant appeals.

I. His counsel objects to the recovery, that, by compromising the demand of the owner of the coal boat, instead of contesting the same, plaintiffs have lost all recourse against the defendant.

II. It is further objected, that the pilot is not the only person concerned in the management of the steamboat; that it should have been shown, that it was the fault *of the pilot* so as to exclude every other hypothesis; that in this instance, it may have been the fault of the engineer, the mate or watch, or the captain.

III. The amount paid by the plaintiffs to *Victor F. Wilson* was $2500. It is alleged that $50 more was paid for costs, but there is no proof that it was so paid. Judgment, we have seen was rendered for $2550. Defendant claims there is manifest error (in the event his other defences are overruled) of $50.

1. On the first ground, we think that the compromise of the demand of *Wilson* against the plaintiffs cannot prejudice the right of the latter to recover. Had the plaintiffs contested *Wilson's* demand, and paid only after final judgment, such judgment would not have been conclusive upon defendant as to the amount of damages suffered. As to him, it would have been *res inter alios acta.*

The suggestion that the defendant's testimony might have prevented a recovery in such action, does not vary the state of the case. The question is, has the act of the defendant occasioned the plaintiffs' damage, and how much? If the plaintiffs have the means of proof, they were not obliged to wage an unsuccessful war with *Wilson*, and might well make payment to him and look for redress to those by whose negligence the loss was occasioned.

2. On the second ground, the pilot does not pretend that any other person was the occasion of the loss, and one thing is clear (if we give credence to the witnesses,) that there was great negligence on his part. The night was not dark: he was approaching a town where flatboats are almost always moored, and, instead of landing at the wharf boat in the ordinary way, he approached the shore with too much steam in the midst of the flatboats, two or three hundred yards below the usual landing; the flatboats being also more conspicuous from their lights. It is no excuse to the pilot, that another person was also remiss in duty in not observing the flatboats soon enough. The pilot ought to have known where the coal boats were lying at a town like Vicksburg, as well as to have seen them, and he ought not to have approached the shore under so much headway. There is no proof that the engineer disobeyed his orders, or that he himself was yielding obedience to any one having power to control him or to direct the movements of the boat.

It is suggested that pilots pursue a perilous occupation peculiarly subject to accidents which the greatest prudence and skill cannot always avoid, and that they ought not to be held liable, except in cases of gross negligence affirmatively proved, and where it is also clearly shown that the loss was not occasioned wholly or in part by the fault of other parties engaged in the management of the boat.

We are willing to concede, that the pilot or other officers of the boat ought not to be held responsible to the owners, unless it is clearly shown that they have been guilty of negligence, by which the loss was occasioned, but they cannot escape responsibility when such negligence is shown, simply because other per-

sons are also culpable. In such case, they are bound in solido with the other negligent parties.  C. C. 2304; Acts 1844, p. 14.

3. On the third ground, we find that there is an error of fifty dollars in the judgment.  The plaintiff contends, that as no special mention was made of this error in the motion for a new trial, and as the appeal has suspended the entire judgment, we ought to apply the maxim, *De minimis non curat lex.* No instance has been cited where the maxim has been applied to so large a sum as fifty dollars.  Moreover, there is as much reason, in reference to the appeal, why the plaintiff should be cautious to exact nothing but what is just of his adversary, as there is that the defendant should be vigilant to protect himself in the lower court.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed.  And we do now order, adjudge and decree, that the plaintiffs recover and have judgment against the defendant, *Wm. R. Hoel*, for the sum of two thousand five hundred dollars, with legal interest thereon from judicial demand until paid, and for costs in the lower court, the plaintiffs paying the costs of appeal.

LAND, J., absent.