125 So.2d 634 (1961)
Thomas J. GARVEY, Jr., Natural Tutor of His Minor Son, Thomas J. Garvey, III,
v.
GREAT ATLANTIC & PACIFIC TEA CO. et al.
No. 21486.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1961.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John V. Baus, New Orleans and Thomas P. Walshe, Jr., for defendant-appellant.
Porteous & Johnson, Curtis R. Boisfontaine, New Orleans, for third-party defendant-appellee.
SAMUEL, Judge.
Mrs. Thomas J. Garvey, Jr. drove to a store of The Great Atlantic & Pacific Tea Co. for the purpose of purchasing groceries. Her minor son, Thomas J. Garvey, III, four years of age, accompanied her. She purchased the groceries and an employee of Great Atlantic carried her packages from the store to her automobile. This employee opened the rear door of the car and put the packages on the back seat. He negligently closed the door on the child's hand causing minor injuries thereto.
*635 The automobile, a Buick four-door sedan, was covered by a standard automobile policy of liability insurance issued by Sea Insurance Co., Ltd., and containing all the standard Louisiana provisions for such policies. Those provisions of the policy pertinent to the instant case are:
"The unqualified word `insured' includes the named insured and also includes any person while using the automobile or a hired automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission.
"Use of an automobile includes the loading and unloading thereof."
The child's father, on behalf of his son, filed suit for the injuries against The Great Atlantic & Pacific Tea Co. and Sea Insurance Co., Ltd. praying for judgment jointly and in solido against both defendants. Each defendant filed an exception of prescription and an answer denying liability and, in addition, Great Atlantic filed a third-party petition against Sea Insurance praying, alternatively and in the event Great Atlantic be cast, that there be judgment in its favor over against Sea Insurance for any sum, including costs, for which Great Atlantic might be adjudged liable to the plaintiff. Only the one insurance policy is pleaded.
Prior to trial all these facts were stipulated and the actual amount of damages was set in the stipulation at the sum of $100.
The trial court rendered judgment in the amount of $100 in favor of Garvey and against Great Atlantic, against Garvey and in favor of the defendant Sea Insurance, and dismissed the third-party petition. From this judgment Great Atlantic alone has appealed.
In this court Great Atlantic has no complaint about the judgment rendered in favor of the original plaintiff and against itself, but urges that it is entitled to the third-party judgment prayed for against Sea Insurance.
We do not pass upon the exceptions of prescription filed by both defendants because of the fact that these exceptions have not been urged by either defendant in argument or in brief and are therefore considered abandoned. See In re Cooper, La. App., 57 So.2d 775, at page 776; McGee et al. v. Finley et al., La.App., 65 So.2d 384, at page 385.
On the merits the only questions presented for our decision are whether the negligent employee of Great Atlantic was an omnibus insured under the "loading and unloading" clause of the liability policy and, if so, whether or not Great Atlantic can obtain a judgment over against Sea Insurance for the damages and costs for which it has been cast. We feel that both questions must be answered in the affirmative.
The law involved in the instant case is thoroughly and competently discussed in the case of Spurlock v. Boyce-Harvey Machinery, La.App., 90 So.2d 417, involving a similar factual situation except the presence, in the cited case, of employer negligence and two insurance policies containing "other insurance" clauses.
It is clear that the actions of the employee with relation to the car, that is in carrying the groceries to the automobile and placing them on the back seat thereof, were with the consent and permission of the driver, Mrs. Garvey. In Louisiana the omnibus clause in an automobile policy has been given a sufficiently wide and liberal interpretation so as to bring the employee within the meaning of the clause relative to permission of the named insured. See Bolton v. North River Insurance Co., La.App., 102 So.2d 544; Rhodes v. New Orleans Public Service, Inc., La. App., 75 So.2d 549; Continental Casualty Co. v. Quebedeaux, 5 Cir., 234 F.2d 241; Pullen v. Employers' Liability Ins. Corp., 230 La. 867, 89 So.2d 373; Spurlock v. Boyce Harvey Mach., supra.
*636 It is clear also that the liability of Great Atlantic is vicarious or technical only, arising as it does as a result of respondeat superior without negligence on its part, and that the general rule to the effect that an employer may recover from his employee the damages which the latter's negligent conduct has caused the employer to pay a third party is applicable here. See Cox v. Shreveport Packing Co., 213 La. 53, 34 So. 2d 373; Costa v. Yoachim, 104 La. 170, 28 So. 992; Brannan, Patterson & Holliday v. Hoel, 15 La.Ann. 308; see also Spurlock v. Boyce Harvey Mach., supra, 90 So. 2d at page 427.
Foregoing a discussion of the propriety of the present form of procedure because of the fact that no objection has been made thereto, if the negligent employee is an omnibus insured under the above quoted provisions of the policy, Great Atlantic has a cause of action for its damages against both the employee and his insurer, Sea Insurance, for Great Atlantic's liability is only vicarious and without negligence and the only negligence involved is that of the employee for which his omnibus insurer is also responsible. See American Employers' Ins. Co. v. Gulf States Utilities Co., La. App., 4 So.2d 628; Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539; Winford v. Bullock, 210 La. 301, 311, 26 So.2d 822, 825.
Counsel for Sea Insurance contends that the Spurlock case is no authority for the present appellant's position because of the fact that Spurlock involved a dray truck which, by its very nature, must be loaded and unloaded, so that persons engaged in such an operation would come within a contemplated risk covered and intended to be covered by the policy, whereas the instant case, in which we are concerned only with the operation of a passenger automobile on a shopping trip, involves no such contemplated risk.
While we are frank to admit that the placing of groceries in an ordinary passenger automobile does not seem like "loading" the vehicle, the policy provision quoted above clearly defines the use of this particular automobile as including the loading and unloading thereof and we must give effect to this provision. If the actions of the employee in the instant case do not constitute loading, then what does constitute the loading or unloading of this vehicle? We confess that we are unable to conceive of any other type of normal activity involving a passenger automobile which could be more properly so construed, and none has been pointed out to us. In interpreting the policy as written by the insurer we hold that the employee was using the automobile within the meaning of the phraseology contained in the policy definition of the word "use". After all, this is a definition contained in the policy issued by the third-party defendant to cover a passenger automobile. If the insurance company is of the opinion that it should be applied only to other kinds of vehicles, then the definition should be contained only in policies covering such other vehicles.
For these reasons, the judgment appealed from is reversed only insofar as the same dismisses the third-party petition of The Great Atlantic & Pacific Tea Co., and it is now ordered that said judgment be amended so as to decree that there be further judgment in favor of The Great Atlantic & Pacific Tea Co. and against Sea Insurance Co., Ltd. for that sum, together with the court costs of these proceedings, which The Great Atlantic & Pacific Tea Co. is ultimately required to, and does, pay as a result of the judgment rendered against it herein. As thus amended the judgment is affirmed, costs of this appeal to be paid by Sea Insurance Co., Ltd.
Reversed in part; amended and affirmed in part.