ON REHEARING
Before REGAN, YARRUT, SAMUEL, CHASEZ and HALL, JJ.
REGAN, Judge.
In our original opinion, we erroneously affirmed a judgment, which maintained a subcontractor’s exception of no right or cause of action against the insurer of an intermediate subcontractor, who instituted suit for indemnification for the amount it *140 paid to compromise a claim for workman’s compensation.
The pertinent facts are these:
Boh Brothers Construction Company entered into an agreement with Mrs. Cecelia Murphy, d/b/a Murphy Trucking Service, to furnish the principal with trucks and operators therefor to be used in performing a Boh Brothers contract. Mrs. Murphy subsequently subcontracted the trucking job to Joseph Butler.
On July 22, 1957, Erskine Crockett, a truck driver employed by Butler, was injured while engaged in the performance of a service for Boh Brothers.
The injured workman, Crockett, then instituted suit against Boh to recover maximum compensation, and the trial court concluded that he was totally and permanently disabled, and in conformity therewith rendered a judgment condemning Boh Brothers Construction Company to pay plaintiff $35.00 per week for a period not to exceed 400 weeks. From this judgment, rendered May 29, 1958, Boh Brothers appealed.
On July 14, 1958, while the foregoing appeal was pending, Boh Brothers, the principal, and its insurer, Travelers Insurance Company, instituted suit for indemnification against the intermediate subcontractor, Murphy Trucking Service, its insurer, United States Casualty Company, and Joseph Butler.
While the appeal was pending in the Crockett suit, he agreed to accept a compromise in the amount of $4,500, of which Boh’s insurer paid $1,175 and Murphy’s insurer, United States Casualty Company, contributed $3,325.00. As part of the compromise agreement, Boh Brothers’ suit for indemnification was dismissed as to all parties but Joseph Butler, and the litigants therein reserved their right to proceed against Butler.
The plaintiff in this suit, United States Casualty Company, is the insurer of the intermediate subcontractor, Murphy Trucking Service. It is endeavoring to recover the amount it contributed to the compromise settlement from the injured workman’s employee, Butler, who ultimately furnished the trucking service to Boh. This action was instituted in conformity with the provisions of LSA-R.S. 23:1061, which permits the injured workman, employed by a subcontractor, to collect compensation from the prime contractor or principal when he is injured performing a service which is a part of the trade, business or occupation of the prime contractor or principal.
In addition, the statute provides:
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”
In maintaining the exceptions, the trial judge concluded that plaintiff lost its cause of action under LSA-R.S. 23:1061 by compromising the claim. In written reasons for judgment, he stated that:
“A careful reading of the provisions of La.Rev.Stat. 23:1061 et seq. will show that a contractor can only seek indemnification against his sub-contractor when he is liable to pay compensation. This means when compensation has been finally determined * * * (Emphasis added.)
In our original opinion we expressed the belief that the trial court correctly interpreted this statute to mean that full or exhaustive judicial determination of liability on the principal’s part is a necessary prerequisite to an action by him for indemnification from the subcontractor.
We are now of the opinion that the disputed section of LSA-R.S. 23:1061 simply affords the principal, who is liable to pay compensation to an injured workman employed by a subcontractor, a statutory right to recover indemnification from the subcon *141 tractor. In addition thereto, we conclude that the principles of law involving the right to indemnification encompass workmen’s compensation cases just as they encompass any other cause of action.
Therefore, the question of law posed for our consideration is whether an indemnitee, who acquires the right of indemnification either by statute or contract, must with finality exhaust all legal remedies before paying the claim for which he later seeks to be indemnified.
This rather vexatious question was initially considered by the Supreme Court in the case of Brannan, Patterson & Holliday v. Wm. R. Hoel[1]. Plaintiffs therein were the owners of a steamboat, which, while being operated by Hoel, the defendant, collided with and sank a string of coal barges which were moored to a dock. When the owner of the barges asserted a claim against the plaintiffs, they decided to compromise rather than litigate the matter. Thereafter, they sued the pilot to indemnify them for the loss which resulted from his negligence. The defendant insisted that the plaintiffs were not entitled to indemnification since the liability for the sinking of the barges had not been fixed judicially, but was compromised. The court therein reasoned that a compromise did not bar an action for indemnification.
We have not overlooked the rationale appearing in the case of Winford v. Bullock[2] which, incidentally was not cited by either litigant, wherein the organ of the court asserted that the master was not entitled to indemnification from a negligent servant predicated upon a compromised judgment which could have been appealed. In refusing indemnification the court reasoned thus:
“ * * * If Winford, in his answer to the suit of the widow * * * in the Federal Court, had prayed, in the alternative, for a judgment over and against Bullock in the event óf a judg-" ment being rendered against Winford— or if he had appealed from the verdict and judgment rendered against him in the Federal Court and had lost his appeal — his claim against Bullock for reimbursement of the amount of the final judgment rendered against him, Win-ford, would be supported by the decisions in the following cases: citations omitted * * *. That doctrine, however, applies only where the party claiming reimbursement for the amount which he has paid by reason of the negligence or wrongful act of another was compelled by a final judgment to pay the damages for the negligence or wrongful act of the one for whose negligence the party who paid the judgment was answerable.”
The foregoing language appears to be in conflict with the rationale of the Brannan case; however, it is modified by virtue of the following observation which appears near the conclusion of the Winford opinion:
“In this case, the plaintiff, Winford, did not offer to prove or even allege that $7,000 was a reasonable sum for him to pay for being relieved of all further liability to the widow and guardian. * * * ”
Therefore, we interpret the foregoing case to mean that a claimant for indemnification of a compromised claim must allege and prove that the compromise was fair and represented no more than the indemnitor would have been required to pay as the result of a final judgment. This interpretation is in harmony with both the jurisprudence and with the result reached in the Brannan case.
In Bertrand v. Ducote,[3] it was held that a compromise does not prejudice the right of the indemnitee to institute an action against the indemnitor.
*142 In the final analysis, it is unreasonable to require a litigant to exhaust with finality all legal remedies as a prerequisite to seeking or recovering indemnification for the obvious reason that a compromised claim usually represents a smaller monetary loss to the indemnitor, if he is ultimately cast in a judgment for indemnification.
We do agree that the indemnitor is not bound by the amount for which the claim was compromised if he was not made a party thereto and had not assented to the settlement thereof.[4]
In his application for rehearing, the plaintiff points out that both the trial judge and this court erroneously found as a fact that defendant was not notified of the compromise. He correctly insists that for the purpose of determining the validity of the exceptions, of no right or cause of action, we are limited, in our consideration thereof, to the allegations contained in the petition and they are silent on this point. The petition confirms this latter statement.
If the defendant was not notified and had not assented to the compromise, then he possesses the right to contest its propriety with respect to both the liability and the amount thereof; however, this must be done in the course of a trial on the merits. Plaintiff in its petition alleged as a fact that the
“Workmen’s Compensation settlement in the amount of $4500 was reasonable, fair equitable and just under the circumstances, and the contribution by UNITED STATES CASUALTY COMPANY in the amount of $3,325.00 was fair, reasonable, equitable and just under the circumstances of this case.”
Plaintiff’s ultimate right to indemnification rests on its ability to prove the truth of the above allegation and, as we have said, this can only be done in the course of a trial hereof.
For the reasons assigned, the decree contained in our original opinion affirming the trial court is now recalled, the judgment appealed from is reversed, and it is now ordered that the exceptions of no right or cause of action are overruled and this matter is remanded for a trial on the merits in conformity with the views hereinabove expressed. The cost of this appeal is to be borne by the defendant.
Original decree recalled, judgment reversed and remanded.

. 15 La.Ann. 308 (1860).

. 210 La. 301, 26 So.2d 822 (1946).

.La.App., 128 So.2d 809 (1961).

. LSA-C.C. Art. 3077.