Benjamin Brenner, J.
Motion by third-party defendant Allstate Insurance Company to dismiss the amended complaint of Neill Supply Co. Inc., a third-party plaintiff which, as consignee of goods, asserts that it is an omnibus insured under the Allstate liability insurance policy. The original third-party complaint was dismissed for Neill’s failure to allege the claimed basis for its liability in tort or any legal responsibility to the plaintiff for the conduct of one Kennedy who owned and operated the truck or to allege the use of such truck as agent, employee or otherwise.
The amended complaint contains paragraphs “ fourteenth ” and “ fifteenth ”, not previously alleged. Paragraph “ fourteenth ” asserts “ that under the terms of the aforesaid policy of insurance, coverage was provided to the third-party plaintiff for all accidents arising out of the loading or unloading of the aforesaid vehicle owned and operated by the third-party defendant, L. J. Kennedy, while said vehicle was used for delivery of third-party plaintiff’s materials.” Paragraph “fifteenth” alleges ‘1 That as a result of the unloading of the aforesaid vehicle owned and operated by the third-party defendant, L. J. Kennedy, on the 20th day of January, 1962, as set forth above, the third-party plaintiff became an omnibus insured under the terms of the aforesaid policy of insurance issued by the third-party defendant, Allstate Insurance Company.”
The allegation of coverage in paragraph “ fourteenth ” “ for all accidents arising out of the loading or unloading of the aforesaid vehicle ” is neither quoted nor implied by any language contained in the policy of insurance, to indicate such coverage. While Neill had the alternative of either annexing a copy of the policy to its amended complaint or of setting forth unambiguous and precise allegations of the facts relied upon to establish such *87 coverage, it does not satisfy the latter requirement by its conclusory allegation to that effect.
Nor is the allegation in paragraph ‘1 fifteenth ’ ’ that Neill became an omnibus insured factually supported. It is, of course, well established that the process of loading and unloading is considered a “ use ” of the vehicle and that a liability policy includes coverage for accidents resulting from such use. But, nowhere in the amended complaint has Neill alleged in what respect it was engaged in such loading or unloading or other involvement to effectuate same, which would cast it in liability and coverage as an omnibus insured under the policy. Normally, where a third party other than the named insured has been held to be covered as an omnibus insured, such third party was shown to have been actively engaged in the loading or unloading process (Wagman v. American Fid. & Cas. Co., 304 N. Y. 490; Lamberti v. Anaco Equip. Corp., 16 A D 2d 121; West Virginia Pulp & Paper Co. v. Merchants Mut. Ins. Co., 10 A D 2d 451; R. H. Macy & Co. v. General Acc. Fire & Life Assur. Corp., 148 N. Y. S. 2d 10).
The authorities cited in which the third party did not participate in the actual loading or unloading, although held to be an omnibus insured, are readily distinguishable because of some involvement therein. In Columbia Southern Chem. Corp. v. Manufacturers & Wholesalers Ind. Exch. (190 Cal. App. 2d 194) the spout which the plaintiff moved and which caused the accident was an integral part of the loading operation and was the property of the third party. In Garvey v. Great Atlantic & Pacific Tea Co. (125 So. 2d 634 [La.]) the employee of the third party was the one who had carried the groceries to the car; and in Busch & Co. of Mass. v. Liberty Mut. Ins. Co. (339 Mass. 239) the restaurant owner — consignee — was not involved and the only person held to be covered as an omnibus insured under the policy issued to the lessor of the truck was the lessee, who made the delivery and opened the door through which the plaintiff fell.
Thus, the mere fact that the third party is a consignee of goods being loaded or unloaded, does not automatically render Lim an omnibus insured unless he participated in or was involved in the activity or in the use of some facility to effectuate the loading or unloading process. There is no such allegation by Neill in its amended complaint.
The motion is granted with leave to said third-party plaintiff, if it be so advised, to serve a second amended complaint within 20 days from the service of a copy of the order to be entered hereon.