Robert CARTER, Jr.

v.

EPSCO INDUSTRIES, INC.

William C. WOODWARD

v.

A. O. SMITH-INLAND, INC.

Civ. A. Nos. 78–389–A, 78–462–A.

United States District Court,
M. D. Louisiana.

Dec. 18, 1980.

Dominic J. Gianna, Hammett, Leake & Hammett, New Orleans, La., for Union Carbide Corporation, cross-claimant.

Donald S. Zuber, Seale, Smith & Phelps, Baton Rouge, La., for EPSCO, Inc., cross-claimant.

Joseph F. Keogh, Stephen P. Wilson, Keogh & Keogh, Ltd., Baton Rouge, La., for A. O. Smith-Inland, Inc. and CNA Insurance Company, defendants.

OPINION ON CROSS CLAIMS

JOHN V. PARKER, Chief Judge.

These consolidated actions are diversity actions predicated upon the Louisiana law of products liability. Both plaintiffs are citizens of Louisiana and the defendant, A. O. Smith-Inland, Inc. ("A.O. Smith"), is a corporate citizen of Arkansas; and defendant, CNA Insurance Company ("CNA"), A. O. Smith's liability insurer, is a corporate citizen of Illinois. EPSCO, Inc. ("EPSCO"), a corporate citizen of Texas, and Union Carbide Corporation ("Union Carbide"), a corporate citizen of New York, were also originally made defendants. Plaintiffs suffered personal injury in an accident which occurred during the course of their employment at U.S. Machine and Equipment Company ("U.S. Machine") in Baton Rouge, Louisiana. Reliance Insurance Company ("Reliance") is the workmen's compensation insurer of U.S. Machine, and it intervened in the action on the side of plaintiffs to recover compensation benefits paid to them. EPSCO and Union Carbide both filed cross claims against A. O. Smith.

These actions came on for trial upon the merits before a jury, and the parties stipulated that the cross claims would be tried to the Court upon the evidence presented to the jury as supplemented at a hearing held upon completion of the trial to the jury.

Immediately prior to trial, EPSCO, Union Carbide and Reliance entered a compromise settlement agreement with the plaintiffs under the terms of which plaintiff Woodward received $207,000, paid $197,000 by EPSCO and Union Carbide and $10,000 by Reliance. Plaintiff Carter received $188,000, paid $178,000 by EPSCO and Union Carbide and $10,000 by Reliance. Reliance received $20,000, paid by EPSCO and Union Carbide. Plaintiffs granted complete releases to EPSCO, Union Carbide and Reliance, all parties reserving all rights against A. O. Smith. It was further agreed that if plaintiffs secured judgment against A. O. Smith, Reliance would recover on its compensation intervention to the extent allowed by law. EPSCO and Union Carbide made partial assignments to plaintiff of their cross claims against A. O. Smith, to the extent that Reliance's compensation intervention might reduce the recovery against A. O. Smith, with the balance of any recovery on the cross claims to be paid, respectively, to EPSCO and Union Carbide.

The relationship of the parties is thus: On February 7, 1977, Union Carbide entered a contract with EPSCO for replacement of a carbon steel river waterline at Union Carbide's Texas City, Texas, plant. EPSCO was the general contractor under a fixed price contract. The contract specified that sixteen-inch fiberglass pipe manufactured by A. O. Smith would be used. EPSCO selected U.S. Machine in Baton Rouge to "fabricate" the pipe. The pipe was delivered to U.S. Machine in sections approximately sixty feet long and U.S. Machine assembled the pipe by joining it to elbows, flanges, et cetera, according to drawings furnished by the owner, Union Carbide. The contract specified that all pipe fabricated at U.S. Machine would undergo a hydrostatic test at 150 pounds per square inch of pressure. A. O. Smith manufactured the pipe, adhesive kits used to join sections of pipe and a grinding machine or tool used to taper the ends of the pipe during the joining process. Plaintiffs were both employed by U.S. Machine and both were injured in an accident which occurred on June 29, 1977, while they were engaged in testing an assembled section of A. O. Smith pipe.

Trial of liability issues was bifurcated and the jury found, upon special interrogatories, that both plaintiffs were injured by the negligence of A. O. Smith, that neither plaintiff was contributorily negligent and that neither assumed the risk of his own injury. The jury further found that both plaintiffs were injured by a defective product manufactured by A. O. Smith, that the pipe had not been subject to misuse or mishandling, and that neither plaintiff assumed the risk of injury from a defective product. Finally, the jury found that neither EPSCO nor Union Carbide was guilty of any negligence causing injury to either plaintiff.

Subsequently, the issue of quantum was tried to a jury, which fixed damages in favor of plaintiff Carter in the amount of $475,000 and in favor of plaintiff Woodward in the amount of $745,000. Reliance was awarded its compensation payments from each of those amounts.

The Court must now decide the cross claims against A. O. Smith.

EPSCO paid $200,000 under the settlement agreement with plaintiffs and Union Carbide paid $195,000. Each seeks to recover the full amount from A. O. Smith under a theory of indemnity. EPSCO also seeks to recover attorney's fees from A. O. Smith, and they have stipulated that because both A. O. Smith and EPSCO are insured by CNA, in the event of a recovery on attorney's fees, counsel for EPSCO will simply submit a statement to CNA which will pay it under the A. O. Smith policy rather than under the EPSCO policy.

This is a diversity action; consequently, Louisiana law applies.

EPSCO claims attorney's fees under the theory that it was a good faith seller ("conduit vendor") of a defective product manufactured by A. O. Smith and that under Louisiana Civil Code Article 2531 it is also entitled to recover attorney's fees.

■ Under Louisiana law, joint tortfeasors are debtors in solido (each liable to the creditor for the full amount). As among themselves, however, each solidary obligor is liable only for his own part or virile share, and contribution among joint tort-feasors is permitted. LSA–C.C. art. 2103. Where compromise settlements are reached with some but not all debtors in solido and releases are granted, that action reduces the amount which may be recovered against any remaining joint tort-feasor to the extent of the part of the one released. LSA–C.C. art. 2100; *Canter v. Koehring Company*, 283 So.2d 716 (La.1973). Thus, if EPSCO and Union Carbide were joint tort-feasors with A. O. Smith, plaintiffs' recovery against A. O. Smith would be reduced by two-thirds, since two of the three debtors in solido had been released by

plaintiffs. Accordingly, it was necessary to determine whether EPSCO and Union Carbide were joint tort-feasors, and those issues were submitted to the jury. The jury found that each was guilty of no negligence which was a cause of the injury to either plaintiff. That finding precludes any claim for contribution by A. O. Smith and thus prevents any reduction in the judgment against A. O. Smith.

■ Neither EPSCO nor Union Carbide claims indemnity upon any theory of contract. Both assert liability upon A. O. Smith under the long recognized Louisiana doctrine of indemnity among joint tort-feasors where the actual fault which is the cause of an injury is attributable to only one of two joint tort-feasors, and the other is only technically or constructively at fault. Under those circumstances, Louisiana permits indemnity against the one primarily responsible for the act which causes the injury. *Sutton v. Champagne*, 141 La. 469, 75 So. 209 (1917); *Appalachian Corp., Inc. v. Brooklyn Cooperage Co., Inc.*, 151 La. 41, 91 So. 539 (1922). While this doctrine is some times referred to as "active negligence" versus "passive negligence," indemnity is permitted only where there is a party not actually at fault whose liability is vicarious or derivative because it results from the fault of others. *Dupree v. Pechinay Saint Gobain Co.*, 369 So.2d 1075 (La.App. 1st Cir. 1979), *writ ref.*, 371 So.2d 1341 (La.1979); *American Employers' Insurance Co. v. Gulf States Utilities Co.*, 4 So.2d 628 (La.App. 1st Cir. 1941); *Bewley Furniture Co., Inc. v. Maryland Casualty Co.*, 285 So.2d 216 (La. 1973).

■ In neither contribution nor indemnity claims is it necessary that all joint tort-feasors be cast in the same judgment, or, indeed, even that there be a judgment against any of them. All that is necessary is that the party demanding contribution or indemnity must prove that a tort was, in fact, committed, that the defendant was solidarily liable with the claimant, and that the amount paid was not in excess of the damages inflicted. *Morris v. Kospelich*, 206 So.2d 155 (La.App. 4th Cir. 1968), *aff'd*, 253

La. 413, 218 So.2d 316 (La.1969); *Fidelity & Casualty Co. of New York v. Continental Casualty Co.*, 347 So.2d 1224 (La.App. 1st Cir. 1977); *writ den.*, 351 So.2d 156 (La. 1977); cf. *Winford v. Bullock*, 210 La. 301, 26 So.2d 822 (1946); see *Note, Indemnity— Right of Master Against Servant—Necessity of Prior Judgment Against Claimant*, 7 La.L.Rev. 592 (1947); *Brannan, Patterson & Holliday v. Hoel*, 15 La.Ann. 308 (1860).

These indemnity claims presented here must fall because EPSCO and Union Carbide have failed to establish the first essential element of their claims—their liability to plaintiffs. Unless EPSCO and Union Carbide are actually joint tort-feasors with A. O. Smith, no claim of either indemnity or contribution can arise.

The jury found that neither was guilty of any negligent act causing injury to plaintiffs. While this finding is not binding upon the Court since the cross claims were tried to the Court, not the jury, there is ample evidence to support those findings and the Court adopts them.

The evidence establishes that Bennie Westmoreland, Manager of U.S. Machine, directed his employees, including plaintiffs, to perform improper testing of the A. O. Smith pipe. The specifications called for a hydrostatic test, which simply means that a pneumatic pump is used to inject water into the pipe under pressure to the stipulated level. Westmoreland prescribed a compressed air test instead of a hydrostatic test. He simply had his employees fill the pipe to be tested with water and then introduced air from an air compresser into the pipe. This practice not only did not meet the specifications but also was very dangerous. It may have contributed to the happening of the accident and it certainly resulted in more severe injuries to the plaintiffs.

The evidence establishes that neither EPSCO nor Union Carbide knew or had any reason to suspect that an improper pressure test was being performed at U. S. Machine. Neither EPSCO nor Union Carbide inspected or had any duty to inspect the A. O. Smith pipe for defects. Neither was aware that the pipe which caused the injury to plaintiffs was marked "reject" by A. O. Smith or that A. O. Smith had informed Westmoreland to use the pipe anyway. Neither EPSCO nor Union Carbide provided the grinding tool nor instructed U. S. Machine employees in the grinding and assembling techniques to be utilized in fabrication of the pipe.

Union Carbide simply specified in its contract with EPSCO that a certain quality A. O. Smith pipe would be used. EPSCO simply ordered the pipe specified from A. O. Smith and directed A. O. Smith to deliver the pipe to U. S. Machine for assembly. EPSCO and Union Carbide were guilty of no negligence which contributed to the injury sustained by these plaintiffs and therefore have no right of indemnification from A. O. Smith.

EPSCO and Union Carbide have cited federal maritime cases holding that in order to obtain indemnity it is not necessary that the settling claimant affirmatively establish his liability to the injured party. These cases hold that if a serious potential for liability is shown and that the amount payable is reasonable, that is sufficient, provided the defendant was tendered the defense or otherwise was informed of the proceedings and, of course, was the one primarily at fault. *Parfait v. Jahncke Services, Inc.*, 484 F.2d 296 (5th Cir. 1973); *Whisenant v. Brewster-Bartle Offshore Co.*, 446 F.2d 394 (5th Cir. 1971); *Jennings v. United States*, 374 F.2d 983 (5th Cir. 1967); *Todd Shipyards Corp. v. Turbine Service, Inc.*, 467 F.Supp. 1257 (E.D.La.1978).

Those cases and others like them are simply not applicable to our situation. However correct those cases may be as representing applications of federal maritime law, they simply do not accurately reflect the Louisiana law of indemnification. Moreover, in none of the cases cited was there an actual finding of nonliability, as is the case here.

■ EPSCO and Union Carbide have made payments to plaintiffs which they did not owe. They have no lawful grounds for

recovery of these payments from A. O. Smith. While EPSCO and Union Carbide cannot be faulted for entering compromise settlements of these lawsuits, involving as they do very serious injuries, neither has any claim against A. O. Smith. The settling defendants simply preferred the certainty of putting up some money to the risk of liability. As it turns out, they are not liable. So be it; the compromise agreement, nevertheless, stands.

For the foregoing reasons, judgment will be rendered in favor of defendant, A. O. Smith-Inland, Inc., and against the cross claimants, DISMISSING their cross claims at their costs.