See also D.C., 511 F.Supp. 99, 5 Cir., 681 F.2d 1062.

**A. O. SMITH–INLAND, INC., CNA Insurance Company, and First State Insurance Co.**

**v.**

**UNION CARBIDE CORPORATION and EPSCO, Inc.**

Civ. A. No. 82–142–A.

United States District Court, M. D. Louisiana.

June 24, 1982.

Joseph F. Keogh, Keogh, Keogh, Cox & Wilson, Ltd., Franklin H. Jones, III, Baton Rouge, La., for plaintiffs.

Donald S. Zuber, Brent E. Kinchen, Seale, Smith & Phelps, Baton Rouge, La., Dominic J. Gianna, Franklin D. Beahm, Hammett, Leake & Hammett, New Orleans, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on motions to dismiss or alternatively for summary judgment, filed on behalf of defendants, Union Carbide Corporation and EPSCO, Inc. Both motions are opposed by plaintiffs and they have been submitted upon briefs, after oral argument.

This action is a sequel to the consolidated actions entitled "Robert Carter v. EPSCO, Inc., et al." and "William C. Woodward v. EPSCO, Inc., et al.", Numbers 78–389 and 78–462, respectively of the docket of this court. In those actions, plaintiffs, Carter and Woodward, sued A. O. Smith-Inland, Inc. (and its insurer, CNA Insurance Company), Union Carbide and EPSCO for personal injuries, alleging that they were joint tortfeasors and thus liable to the plaintiffs in solido under Louisiana law. Union Carbide and EPSCO each filed a cross claim against A. O. Smith for indemnity or, alternatively, for contribution. Shortly before trial, plaintiffs Carter and Woodward entered compromise settlement agreements with Union Carbide and EPSCO, reserving all rights against A. O. Smith and agreeing to hold Union Carbide and EPSCO harmless from any claims against them by A. O. Smith.

The case went to trial against the sole remaining defendant, A. O. Smith, and the jury returned verdicts in favor of Carter and Woodward against A. O. Smith. The issue of the negligence of Union Carbide and of EPSCO was submitted to the jury which decided that neither was guilty of negligence which contributed to the accident.

The cross claims by Union Carbide and EPSCO against A. O. Smith were submitted to the court on the basis of the evidence presented to the jury together with that presented at a hearing outside the presence of the jury. Judgment was rendered in favor of A. O. Smith on the cross claims, the court holding that Union Carbide and EPSCO could not recover because neither was a joint tortfeasor with A. O. Smith. 511 F.Supp. 99.

A. O. Smith eventually settled the judgments rendered against it and it now seeks indemnity or, alternatively, contribution from Union Carbide and EPSCO, alleging that their negligence was the sole cause of the accident and resulting injuries to Carter and Woodward and, alternatively, that their negligence contributed to the accident, making them joint tortfeasors with A. O. Smith.

The court here acts upon the alternative motions for summary judgment, since the Carter-Woodward records and settlement agreements, as well as other exhibits outside this record, were offered by Union Carbide and EPSCO and were considered by the court.

Union Carbide and EPSCO have pleaded the res judicata effect of the jury findings of no negligence on the main de-

mand and the court's findings of no negligence on the trial of the cross claims. Plaintiffs seek to avoid the application of that doctrine by various theories, including an assertion that plaintiff First State Insurance Company, was not a party to the original proceedings. That argument is patently without merit since First State appears solely in its capacity as the liability insurer of A. O. Smith and it stands in A. O. Smith's shoes and has no greater rights than the insured. Thus, if the judgment is res judicata as to A. O. Smith, it is also res judicata as to CNA and First State, whether they were parties to the original proceedings or not.

It is, in any event, unnecessary to consider the res judicata effect of either the jury verdict or the court's findings because A. O. Smith has no right of action against Union Carbide or EPSCO under any theory. A. O. Smith's complaint is predicated upon a misapprehension of Louisiana law.

Although the complaint claims indemnity, there is no assertion of contractual indemnity. Consequently, the sole basis for A. O. Smith's claim of indemnity or contribution is the claim that the negligence of Union Carbide and EPSCO caused or contributed to the occurrence of the accident in which Carter and Woodward were injured.

Under Louisiana law, codebtors in solido are liable to their creditor, each for the full amount, but as between the solidary obligors, each is liable only for his virile share. Louisiana Civil Code, Articles 2091, 2103. Co-tortfeasors are debtors in solido. La.C. C.Art. 2324.

A co-tortfeasor in Louisiana has no cause of action against another tortfeasor except by way of his right of subrogation from the injured plaintiff. Article 2161 of the Civil Code provides, in part:

"Subrogation takes place of right:

\*      \*      \*      \*      \*      \*

3.  For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

Article 2104 of the Code provides, in part:

"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each..."

Thus, if one of several co-tortfeasors pays the plaintiff in full, he may recover, under his legal subrogation, the virile share owed by each of the other co-tortfeasors. Article 2104, *supra*.

Prior to the 1960 amendment to Article 2103, the theoretical right of contribution among co-tortfeasors was recognized, but was of little practical value because, under the jurisprudence, contribution could be enforced only where one tortfeasor was compelled to pay damages which had been awarded by judicial decree against all co-tortfeasors, in solido. *Winford v. Bullock*, 210 La. 301, 26 So.2d 822 (1946). One co-tortfeasor against whom judgment was rendered, could not enforce contribution from his co-tortfeasors who were not sued, even if he had paid the entire judgment. *Sincer v. Bell*, 47 La.Ann. 1548, 18 So. 755 (1895).

In *Harvey v. Travelers Insurance Company*, 163 So.2d 915 (La.App. 3rd Cir. 1964), the court held that the 1960 amendment to Article 2103 placed co-tortfeasors upon the same contribution footing as conventional debtors in solido and further construed the effect of Article 2203 regarding settlement. The latter article provides:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

The court in *Harvey v. Travelers Insurance Company* held:

"Our conception of the existing jurisprudence is that a solidary debtor under a conventional obligation, who pays the entire debt to the creditor, becomes legally subrogated to the rights of the creditor against the other solidary obligors for their proportionate part of the debt. \* \*

(citations omitted) * * * If the creditor, however, settles with and releases one solidary debtor, he thereafter has no further rights or claims against that debtor to which another party can be subrogated. And, in the event the creditor by his act deprives one solidary obligor of this right of legal subrogation against another solidary obligor, then the creditor is not entitled to recover from the first debtor the share of the debt owed by the other against whom no right of subrogation remains. * * * (citations omitted) * *" 163 So.2d at 920, 921.

The court continued, applying the rule in conventional obligations to co-tortfeasors:

"The right to enforce contribution among joint tortfeasors is based on the same right to legal subrogation which takes place among solidary debtors under conventional obligations. Since the distinction between the two types of solidary obligations has been erased with the 1960 amendment to Article 2103 of the Civil Code, we think the rules heretofore set out relating to the right to legal subrogation in conventional debts apply also to delictal obligations.

We conclude, therefore, that where the claimant in a tort action settles with and releases one of two joint tortfeasors, reserving all of his rights against the other, the remaining tortfeasor is thereby deprived of his right to enforce contribution against the one who has been released. And, since the claimant by his own act has deprived the unreleased tortfeasor of this right to enforce contribution, he can recover from the latter only one-half of the damages which he sustained." 163 So.2d at 921, 922.

Thus, it is clear that when the creditors, Carter and Woodward, settled with and released Union Carbide and EPSCO, neither creditor thereafter had any further rights or claims against those debtors to which A. O. Smith could have become subrogated and, since Carter and Woodward had, by their own act, deprived A. O. Smith of the right of legal subrogation against Union Carbide and EPSCO, then neither Carter nor Woodward was thereafter entitled to recover from A. O. Smith the share of the debt owed by Union Carbide and EPSCO (assuming that they were actually co-tortfeasors).

Louisiana law is now well-settled that where the plaintiff settles with some of the co-tortfeasors, granting releases and reserving all rights against a remaining tortfeasor, the remaining tortfeasor thereby loses all right of contribution against his debtors in solido. His sole right is to claim a reduction in the judgment by an amount equal to the virile shares of the released co-tortfeasors. *Canter v. Koehring Company*, 283 So.2d 716 (La.1973). Thus, if Union Carbide and EPSCO were joint tortfeasors with A. O. Smith, the recovery by Carter and Woodward against A. O. Smith would be reduced by two-thirds, since two of the three debtors in solido were released by those plaintiffs. For that reason it was necessary to determine whether Union Carbide and EPSCO were joint tortfeasors and those issues were submitted to the jury. Since the jury found that neither was guilty of any negligence which was a cause of the injury to either plaintiff, A. O. Smith was not entitled to a reduction in the judgment because they were not co-tortfeasors.

Ignoring the jury's findings as well as the findings of the court on the cross claim, and assuming for purposes of argument that Union Carbide and EPSCO were co-tortfeasors with A. O. Smith, it is clear that the settlement agreements by Carter and Woodward deprived A. O. Smith of any right of contribution, acquired by subrogation, from Carter and Woodward. A. O. Smith's only rights, after those settlements, were against Carter and Woodward. Because Carter and Woodward by their actions deprived A. O. Smith of the right of contribution against Union Carbide and EPSCO, A. O. Smith had the right only to reduce the amount of the judgment in favor of Carter and Woodward. It has already litigated that issue (the reduction of the award) and to that extent the prior judgment is res judicata between Carter, Woodward and A. O. Smith.

The situation is simply this: If Union Carbide and EPSCO were not co-tortfeasors with A. O. Smith, then A. O. Smith never acquired any cause of action against either; if Union Carbide and EPSCO were co-tort-feasors with A. O. Smith, then it is absolutely clear that under *Harvey v. Travelers Insurance Company* and subsequent cases, the settlement agreement eliminated any possible cause of action which A. O. Smith may have had against Union Carbide and EPSCO.

Thus, whether Union Carbide and EPSCO are co-joint tortfeasors with A. O. Smith or whether they are not co-joint tortfeasors with A. O. Smith, A. O. Smith has no cause of action against either of them under Louisiana law.

For the foregoing reasons, the motions for summary judgment filed on behalf of Union Carbide and EPSCO are hereby GRANTED and this action will be DISMISSED.